UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARINO EDUARDO GONZALEZ,

    Petitioner,

v.                                         Case No.: 2:26-cv-00725-SPC-NPM

    Respondent,

                               /

**OPINION AND ORDER**

Before the Court is Marino Eduardo Gonzalez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). Eduardo Gonzalez states he is subject to a removal order to Cuba and has been in immigration detention for more than 90 days, and he asks the Court to order release. But the petition does not include enough detail.

In *Zadvydas v. Davis*, the Supreme Court held "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). The Court established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts consider the constitutionality of continued detention under a burden-shifting framework:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

But Eduardo Gonzalez does not claim—much less demonstrate—that his removal is not likely in the reasonably foreseeable future. The petition does not include potentially important facts, like when and how he entered the country, prior removal proceedings and periods of immigration detention, the government's past and current efforts to remove him, the circumstances of his arrest, or any other facts relevant to likelihood of removal.

Also, the petition does not identify a respondent. A habeas petitioner must state "the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The immediate custodian—i.e., the warden of the detention facility—is normally the only proper respondent in a habeas action, but immigration detention is more complicated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to decide whether the Attorney General is a proper respondent to a habeas action filed by an alien pending deportation); *see also Masingene v. Martin*, 424 F. Supp. 3d 1298, 1302 (S.D. Fla. 2020) (finding the director of ICE's local field office is a more appropriate respondent than the warden of a state-run detention facility).

The Court finds that Eduardo Gonzalez is not entitled to habeas relief on any ground in his petition. Accordingly, the petition (Doc. 1) is **DISMISSED without prejudice**. Eduardo Gonzalez may file an amended petition within **21 days** of this order. Otherwise, the Court will enter judgment and close this case without further notice.

**DONE AND ORDERED** in Fort Myers, Florida on March 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record